UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

BENJAMIN WHITE and DAWN WHITE, :
*Husband and Wife,* :
 :
         Plaintiffs, :
 :
         v. :    No. 5:17-cv-4174
 :
THE HOME DEPOT, INC.; :
LOUISVILLE LADDER, INC.; :
TRIMACO, LLC; and :
THE SHERWIN-WILLIAMS COMPANY, :
 :
         Defendants. :
_____

**OPINION AND ORDER**
Plaintiffs' Motion for Reconsideration, ECF No. 43—Denied

**Joseph F. Leeson, Jr.**                                               **August 20, 2018**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Benjamin White was injured when he fell off a ladder that he had placed on a tarp to paint his master bathroom. Mr. White and his wife sued the manufacturer and seller of the ladder, alleging negligence, strict liability, breach of warranties, and loss of consortium. On May 9, 2018, this Court granted summary judgment in favor of Defendants on all claims. *See* Summ. J. Op., ECF No. 41. The Court precluded the testimony of Plaintiffs' expert witness Paul Dreyer because it found his opinions unreliable and unhelpful to the trier of fact, and concluded that Plaintiffs could not prevail on any of their claims. Plaintiffs now move for reconsideration, which this Court denies for the reasons explained below.

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. ANALYSIS

Plaintiffs seek reconsideration to prevent a "manifest injustice." When a party bases a motion for reconsideration on the need to correct a manifest injustice, "the party must persuade the court that not only was the prior decision wrong, but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *Schutter v. Herskowitz*, No. CIV.A. 07-3823, 2008 WL 3911050, at *1 (E.D. Pa. Aug. 22, 2008) (quoting *Burns v. Slippery Rock Univ. of Pa.*, No. 06-318, 2007 WL 2463402 (W.D. Pa. Aug. 28, 2007)) (quotations omitted). A party may not obtain reconsideration merely by repeating arguments and evidence previously raised. *See Massie v. U.S. Dep't of Hous. & Urban Dev.*, No. CIV. A. 06-1004, 2008 WL

4890174, at *1 (W.D. Pa. Oct. 31, 2008) (denying reconsideration because "the arguments raised by Plaintiffs in their motion for reconsideration tend to rehash issues and evidence which they previously discussed in their original motion for summary judgment").

Plaintiffs contend that Dreyer is in fact sufficiently reliable to testify at trial. They cite the list of materials that he reviewed to prepare his report, and emphasize the Bureau of Labor Statistics and the Center for Disease Control Statistics on Workplace Fall Injuries, the National Safety Council's Accident Prevention Manual, and the ANSI A14.5-2000 Portable Reinforced Plastic Ladder. It is not clear to this Court why Plaintiffs emphasize these materials. Although Dreyer's expert report lists the ladder as one of the materials he reviewed, Plaintiffs specifically admitted that Dreyer did not inspect the ladder at issue in the case or perform any tests on it. Defs.' Stat. Facts ¶¶ 48, 53, ECF No. 35-1; Pls.' Resp. Defs.' Stat. Facts ¶¶ 48, 53, ECF No. 39. Plaintiffs also reiterate Dreyer's reliance on the general principles of the Hierarchy of Safety. But this Court already considered Dreyer's reliance on these sources and concluded that they establish only the "prevalence of falls generally and general engineering principles for reducing hazards." Op. 5.

Plaintiffs dispute this Court's finding that "Plaintiffs fail to explain why the general warning not to set up the ladder on a loose or slippery surface is inadequate, such that Defendants were required to anticipate specific surfaces, or combinations of surfaces, on which customers might place ladders and to craft specific warnings accordingly." Op. 9. They insist that they did in fact argue why a more general warning was not adequate, and cite Dreyer's assertion that the ladder was unreasonably dangerous without a warning that it could slip when placed on a tarp on a smooth tile surface. But Plaintiffs quote the section of the opinion after this Court had already rejected Dreyer's opinions as unreliable. And more importantly, Dreyer

himself could not explain why the generalized warning not to place the ladder on a loose or slippery surface did not adequately warn Mr. White of the danger he faced—in fact, this Court rejected Dreyer's report in large part for that very reason.

Plaintiffs try to defend Dreyer's report and correctly state that the proponent of expert testimony does not need to prove that the expert offers an irrefutable opinion; they simply must show that the expert offers pertinent and reliable opinions. Plaintiffs seem to suggest that this Court improperly acted as the factfinder and went beyond evaluating the reliability of Dreyer's methods and opinions to evaluate the weight of Dreyer's testimony. But Plaintiffs offer no explanation of the serious flaws that this Court identified in Dreyer's analysis. This Court found that Dreyer presented a self-contradictory analysis concerning whether Mr. White placed the ladder on a slippery surface:

> [Dreyer] notes that the ladder's warning label warned the user to place the feet on a level surface and not to set it up on unstable, loose, or slippery surfaces, and opines that Mr. White complied with these instructions. But Dreyer opines that Mr. White was injured by "unexpected slippage and toppling of the ladder." Thus, Dreyer asserts that the tarp on the tile floor was not slippery to the extent that Mr. White complied with the warnings, but slippery enough to cause the ladder to topple and fall, so that the ladder required an additional warning.

Op. 5 (citations omitted). Additionally, Dreyer provided no basis for his conclusion that the ladder required a warning that it could slip when placed on a paint tarp on a smooth tile surface in addition to the general warning not to set it up on an unstable or slippery surface:

> Dreyer states that a ladder manufacturer reasonably could expect a consumer to use a ladder on top of a paint tarp, and that a paint tarp can slip. Therefore, according to Dreyer, Defendants should have included a warning about the danger of the stepladder slipping on a tarp placed on a smooth surface, and that the absence of this warning caused Mr. White's injuries. Notably, Dreyer does not explain why the existing warnings not to place the ladder on an unstable or slippery surface, which Mr. White allegedly understood and followed, did not adequately warn a user of the possibility that the ladder could slip and cause

> injury to a user, such that a greater level of specificity was required. Instead, Dreyer presents only his own conclusory assertions, which do not rise to the level of reliability required to present his opinions to a jury.

Op. 6 (citations omitted). This Court found that, to the extent Dreyer presented any reliable opinions, they failed the fit requirement: at best, Dreyer opined that the ladder required an additional warning because it was not obvious to a user that the tarp was slippery and would slide on a smooth tile floor if not secured. This opinion does not help a trier of fact, though, because it speaks to a potentially inadequate warning about the tarp, not the ladder, and Plaintiffs allege a defect in the ladder, not the tarp. Op. 6-7.

Plaintiffs do not explain any of these fatal deficiencies in Dreyer's report. Thus they have not shown that this Court's previous grant of summary judgment to Defendants was wrong, much less that it was so wrong that adhering to it would work manifest injustice. At best, Plaintiffs express their disagreement with this Court's conclusions on summary judgment. But "[m]ere dissatisfaction with the Court's factual or legal rulings . . . does not meet the manifest injustice standard; the motion for reconsideration should be more than a forum to express dissatisfaction with the result ordered in the Court's opinion." *Teri Woods Pub., L.L.C. v. Williams*, No. CIV.A. 12-04854, 2013 WL 6388560, at *1 (E.D. Pa. Dec. 6, 2013) (citing *Kansas City Fire & Marine Ins. Co. v. Consolidated Rail Corp.*, 97–8134, 1999 WL 497232, at *1 (E.D. Pa. July 14, 1999)). Plaintiffs' motion for reconsideration is denied.

**IV. ORDER**

**AND NOW**, this 20th day of August, 2018, for the reasons discussed above, **IT IS ORDERED THAT** Plaintiffs' Motion for Reconsideration is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge